UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DONALD ULFERTS, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**FRANKLIN RESOURCES, INC., FRANKLIN ADVISORS, INC., FRANKLIN/TEMPLETON DISTRIBUTORS, INC.,**<br><br>Defendants. | MASTER FILE: 07-CV-1309<br>(WJM)<br><br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Bruce Daniel Greenberg
Lite, DePalma, Greenberg & Rivas, LLC
Two Gateway Center
12th Floor
Newark, NJ 07102

(*Counsel for Plaintiff*)

Gregory Joseph Hindy
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Daniel A. Pollack
Pollack & Kaminsky
114 West 47th Street
New York, NY 10036

(*Counsel for Defendants*)


**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff files a motion for reconsideration or alternatively for leave to file an amended complaint. Plaintiff (a shareholder in several mutual funds) asks the Court to reconsider its previous ruling that Defendants (the funds' manager, distributor, and parent corporation) had no duty to disclose certain financial arrangements called "shelf-space" arrangements to the funds' shareholders. The Court reaffirms that Defendants had no such duty of disclosure. Accordingly, Plaintiff's motions are **DENIED**.

I.     FACTS AND PROCEEDINGS

This litigation pertains to the mutual fund industry's controversial use of "shelf-space" arrangements. Plaintiff is a shareholder of several mutual funds, the Franklin Funds ("Funds"). (Compl. ¶ 1.) He brings this suit against the Funds' manager and distributor and their parent corporation. (Compl. ¶¶ 11–13.) Plaintiff generally alleges that these Defendants violated a duty to disclose to the Funds' shareholders that the Funds had entered into these controversial shelf-space agreements. To understand Plaintiff's claims, it is helpful to know a bit about mutual funds and shelf-space agreements.

A mutual fund is a company created to allow individuals to invest in a range of financial products. See generally John P. Freeman, The Mutual Fund Distribution Expense Mess, 32 J. Corp. L. 739 (2006). Its assets may include stocks, bonds, and other securities, the total ownership of which is divided into shares of the mutual fund. These shares are owned by, not surprisingly, the fund's shareholders. The fund may buy, sell, or

trade its securities through securities brokers. And like any other security, the shareholders may buy, sell, or trade their shares in the fund through securities brokers.

The mutual fund industry has recently come under fire for using what are referred to as "shelf-space" agreements. Under these agreements, a mutual fund provides financial incentives to securities brokers to sell the fund. The name "shelf-space" is an analogy to the practice in the consumer goods industry of paying retailers for premium shelf space.

Plaintiff alleges that Defendants engaged in at least two types of shelf-space agreements. First, Plaintiffs allege that Defendants selected securities brokers to buy, sell, and trade the Funds' securities based on those brokers' willingness to sell shares of the Funds to other investors. Second, Plaintiffs allege that the Funds commingled payments to securities brokers for investment advice with payments for securities trading commissions in order to hide what were actually additional payments to the brokers for doing nothing other than selling the Funds.

Upon these allegations, Plaintiff brought this suit. Plaintiff alleges that Defendants violated section 12(a)(2) of the Securities Act and Securities and Exchange Commission (SEC) Rule 10b-5 by failing to disclose these shelf-space agreements to its shareholders. Under these laws, mutual funds must disclose facts to shareholders in two situations: (1) if required by law, or (2) if necessary to make prior statements not misleading. <u>Benzon v. Morgan Stanley Distrib., Inc.</u>, 420 F.3d 598, 612 (6th Cir. 2005).

Defendants filed a motion to dismiss Plaintiff's complaint, which the Court granted. The Court held that Defendants had no obligation to disclose these shelf-space agreements. The Court reasoned that no law appeared to mandate such disclosure and that Plaintiff had failed to introduce any misleading statements made by Defendants that disclosure would be necessary to correct.

Plaintiff now files a motion for reconsideration or in the alternative a motion to amend its complaint. With respect to his motion for reconsideration, Plaintiff argues that there indeed is a law requiring Defendants to disclose these shelf-space agreements and that the Court thus erred by holding to the contrary. With respect to his motion to amend, Plaintiff seeks to amend his complaint to allege what Plaintiff believes are misleading statements by Defendants to shareholders that would be clarified by disclosure of the shelf-space agreements.

## II. DISCUSSION

Both section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77l(a)(2), and Securities and Exchange Commission (SEC) Rule 10b-5, 17 C.F.R. § 240.10b-5, require the disclosure of certain material facts in connection with the sale of securities. But liability under these two rules attaches only if there is a duty to disclose. Basic, Inc. v. Levinson, 485 U.S. 224, 239 n.17 (1988).

Two duties of disclosure are relevant here. First, disclosure by sellers of securities in prospectuses or other statements may be required by statute or regulation. Benzon, 420

F.3d at 612.  Second, both rules expressly require disclosure in prospectuses or other statements to shareholders of material facts necessary to clarify otherwise misleading statements.  15 U.S.C. § 77j; § 240.10b-5.

    **A.**    **Reconsideration of the Court's Holding that Defendants Were Not Obligated by Statute or Regulation to Disclose the Shelf-Space Agreements**

The Court reaffirms its holding that Defendants were not obligated by statute or regulation to disclose the shelf-space agreements.  The Court again is unable to find any statutes or regulations generally mandating such disclosure.  Several courts have reached this conclusion.  E.g., Benzon, 420 F.3d at 612 ("Current SEC regulations, including Form N1-A, do not impose a disclosure obligation with respect to broker compensation.").

To support his argument to the contrary, Plaintiff presents a form promulgated by the SEC.  The form, SEC Form N-1A, is used by mutual funds to register their shares with the SEC and offer them for sale.  The form provides, inter alia, that mutual funds must disclose certain basic information in a "prospectus" (a document that mutual funds must provide to shareholders that contains essential information about the fund) and that mutual funds may disclose certain additional information in a "statement of additional information" (a document that mutual funds may—but are not required to—distribute to shareholders).  Mutual funds need only provide a statement of additional information to shareholders upon request.

Plaintiff claims that a section of Form N-1A labeled Item 16 requires mutual funds to disclose shelf-space agreements. Item 16 contains several relevant commands that appear to support such a requirement. For example, Item 16 asks the mutual fund to "[d]escribe how transactions in portfolio securities are effected, including a general statement about brokerage commissions." Securities and Exchange Commission, Form N-1A at 41, http://www.sec.gov/about/forms/formn-1a.pdf (last visited June 27, 2008). Item 16 also commands mutual funds that "[i]f the Fund will consider the receipt of products or services other than brokerage or research services in selecting brokers, specify those products or services." Id. At first blush, Item 16 appears to require mutual funds to disclose shelf-space agreements since these affect "how transactions in portfolio securities are effected" and are considerations "of products or services other than brokerage or research services in selecting brokers."

But on closer inspection, it is clear that Form N-1A does not always mandate such disclosure. As explained above, Form N-1A requires mutual funds to disclose certain basic information in a prospectus and allows—but does not require—mutual funds to issue a more detailed statement of additional information. Item 16 describes disclosures a mutual fund may make in a statement of additional information—not disclosures a mutual fund must make in a prospectus. Id. at 3. Accordingly, Item 16 does not necessarily require a mutual fund to disclose anything at all.

It is true that Item 16 requires disclosure of shelf-space agreements if shareholders

6

request a statement of additional information. However, this does not affect the Court's conclusion because Defendants indeed did properly disclose their shelf-space agreements, as the Opinion will now explain.

    **B.**    **Plaintiff's Motion to Amend the Complaint**

In the alternative, Plaintiff moves to amend his complaint. Plaintiff claims that Defendants made statements in their prospectuses that would be misleading without accompanying disclosure of the shelf-space agreements.[1] While the Court will freely grant leave to amend a complaint, see Fed. R. Civ. P. 15(a)(2), the Court may deny such a request if the amendment proposes only a futile claim. See Witherspoon v. Rent-A-Center, Inc., 173 F. Supp. 2d 239, 243 (D.N.J. 2001). Here, the Court finds that Plaintiff's amended complaint fails to state a claim for relief, so the Court denies Plaintiff's motion to amend.

As mentioned above, Plaintiff seeks to amend his complaint to include specific portions of the Funds' prospectuses. These portions provide as follows:

> Distributors and/or affiliates may provide financial support to securities dealers that sell share of Franklin Templeton Investments. This support is based primarily on the amount of sales of fund shares and/or total assets with Franklin Templeton Investments. The amount of support may be affected by: total sales; net sales; levels of redemptions; the proportion of a securities dealer's sales and marketing efforts in Franklin Templeton Investments; securities dealer's sales and marketing efforts in Franklin Templeton Investments; a

---

[1] Plaintiff describes the funds' prospectuses and statements of additional information collectively as prospectuses.

> securities dealer's support of, and participation in, Distributors' marketing programs; a securities dealer's compensation programs for its registered representatives; and the extent of a securities dealer's marketing programs relating to Franklin Templeton Investments. Financial support to securities dealers may be made by payments from Distributor's own resources, from Distributors' retention of underwriting concessions and, in the case of funds that have Rule 12b-1 plans, from payments to Distributors under such plans. In addition, certain securities dealers may receive brokerage commissions generated by fund portfolio transactions in accordance with the rules of the National Association of Securities Dealers, Inc. (Am. Compl. ¶ 26.)

Plaintiff alleges that this quoted portion and other similar portions of the prospectuses mislead shareholders about several aspects of the shelf-space agreements, such as the precise amounts of the payments or whether these payments were certain to arise or merely speculative. (Am. Compl. ¶ 30.) Plaintiff accordingly argues that disclosure of shelf-space agreements is necessary to avoid misleading shareholders.

The Court finds that these portions are not misleading. They clearly convey that Defendants may enter into various shelf-space agreements. While they do not convey the details of such agreements, they do not purport to, and there is nothing misleading about merely making shareholders aware that these agreements might exist. Indeed, it would likely be infeasible and unnecessary to communicate through a prospectus all the details of such agreements, such as "the amounts being paid or the identities of the payees" as Plaintiff complains. (Am. Compl. ¶ 30.) Accordingly, the Court finds that any further disclosure of the shelf-space agreements was not necessary to prevent shareholders from

being mislead.[2]

### III.  CONCLUSION

In summary, the Court reaffirms its holding that no law or regulation necessarily obligated Defendants to disclose their shelf-space agreements.  The Court further holds that the Funds' prospectuses are not misleading with respect to these agreements and thus do not require further disclosure.  Accordingly, Plaintiff's motions to reconsider and amend are **DENIED**.  An Order accompanies this Opinion.


s/ William J. Martini
William J. Martini, U.S.D.J.

---

[2]Plaintiff points to an SEC opinion discussing Defendants' prospectus that holds to the contrary.  See Franklin Advisers, Inc., Release No. 50841, 84 SEC Docket 1357 (Dec. 13, 2004).  For the reasons above, the Court respectfully disagrees with the SEC decision.